## No. 17,439.

MATT L. WALKER AND TOWN OF SHERIDAN, A MUNICIPAL CORPORATION *v.* LEE TUCKER AND GLENN TUCKER.
(280 P. [2d] 649)

Decided February 28, 1955.

Messrs. DICKERSON, MORRISSEY, ZARLENGO & DWYER, Mr. JOHN T. DUGAN, for plaintiffs in error.

Mr. JOSEPH W. ESCH, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

THE Town of Sheridan is a municipal corporation in Arapahoe county, located in a southwesterly direction from the City of Denver. South Federal Boulevard, running through the town is an extension of Federal Boulevard, a main north and south thoroughfare or street in the City and County of Denver. Prior to February 13, 1953, the Town, through resolution of its Board of Trustees, had caused barricades to be placed across South Federal Boulevard within the town limits. It is said that the barricades were ordered to be so placed due to a street condition that needed change or repair. Matt Walker, the individual plaintiff in error, was the duly elected and acting marshal of the Town on said date.

Defendants in error, the Tuckers, operated a dairy business on their land, a part of which was in the Town of Sheridan and partially surrounding the home of Walker, the marshal. In going to and from their homes to the dairy operations, the Tuckers, using the shortest and most practical route, travelled in front of the home of Walker on South Federal Boulevard, a dedicated public highway of the town. Lee Tucker was the town marshal of Sheridan, succeeded in office by Walker. Walker appeared before the town board, exhibited a deed to his property; insisted that there was no road right of way in front of his property; and thereupon the town board authorized closing of the highway in front of Walker's place in July of 1952. Following that time, barricades were placed across South Federal Boulevard at Walker's place, and such barricades were continued until April of 1953 when Lee Tucker obtained a mandatory injunction in the district court directing that the barricades be removed and the highway be kept open. This injunction was based on a finding that the acts of

the Town of Sheridan and Walker in barricading the public highway were arbitrary and capricious and an unreasonable exercise of police power vested in them by the state. The barricades were in the nature of fences erected across the highway at the north and south border lines of the Walker property.

However, prior to obtaining the injunction removing the barricades, Tucker, on February 10, 1953, took the law in his own hands and drove, or directed that his truck be driven, through the barricades, tearing them down. Walker, as the town marshal, caused a complaint to be filed in the magistrate court charging Tucker with destroying town property in violation of the town ordinance. Summons was issued and Walker served a summons on Tucker on February 13, which apparently highly incensed Tucker and he immediately proceeded to drive his truck through both barricades again on that date. This was observed by Walker, the marshal, from his home and shortly thereafter he took his truck, accompanied by his son, both armed, with a revolver and shotgun, respectively, and drove just a short distance to where the Tuckers were at their dairy operations. Walker told them they were under arrest and ordered them to get into his truck, together with one of their hired hands; drove them to Littleton, the county seat; turned them over to the sheriff's office; and ordered them booked at the jail, where they were detained until sometime in the afternoon. Whether or not the arrest was made at the point of a gun, which is in dispute, is of little consequence in the determination of this case.

The Tuckers each filed a complaint in false imprisonment and for damages against Walker and the Town of Sheridan, alleging that the acts of defendant Walker, the town marshal, in arresting and conveying them to jail and depriving them of their liberty were authorized, abetted, encouraged and connived in by defendant Town of Sheridan. The Town admitted Walker was the qualified and appointed marshal; that it is a municipal corpo-

ration; admitted removing the barricades under order of court; and denied all other general allegations in the complaint. In Walker's answer, he admitted that he was marshal of the Town of Sheridan; that on the date above mentioned he arrested plaintiffs for violating a resolution and ordinance of the Town of Sheridan; that plaintiffs deliberately and with full knowledge of the resolution and ordinance, drove their truck through the barricades with the intent and purpose of destroying the same; that upon the breaking of the barricades, he gave pursuit and arrested the Tuckers and one McAnulty, their hired man, and took them to the office of the sheriff; that prior to that time, about nine o'clock in the morning, he had served a summons on Lee Tucker, issued for the violation on February 10; further alleged that the Tuckers conspired to violate the orders and ordinances of the Town of Sheridan and to have themselves arrested in an effort to build up a purported action against him for false arrest and to have him discharged from his position as town marshal; and after denial of all other charges, asked for actual and exemplary damages against both plaintiffs. Replies were filed by plaintiffs to the cross complaints of Walker, and on hearing, these cross complaints were dismissed by the court.

The cases were consolidated and tried to a jury on January 12, 1954, which returned separate verdicts, each in the sum of $500.00 actual damage and $1,000.00 exemplary damage against defendant Walker, and $2,000.00 actual damages against the Town of Sheridan. Motions for new trial were overruled and judgment entered on the verdicts.

If there was any basis for a judgment against the Town of Sheridan, the judgment against it in the sum of $2,000.00 actual damages is inconsistent with the judgment of $500.00 actual damages rendered against defendant Walker, because there was no other or different evidence which would warrant any difference whatsoever.

In support of the writ of error issued in the instant case to review the judgment against the Town of Sheridan, defendant Town contends that the trial court erred in submitting the issue as to damages against the Town, on account of the total lack of evidence to the effect that the Town in any manner whatsoever authorized, abetted, encouraged, or connived in the alleged false arrest and imprisonment by defendant Walker, and that there was no conspiracy to that end; that the jury was actuated by passion and prejudice in arriving at its verdict against the Town; that the verdict against the Town is inconsistent with the verdict of actual damages against defendant Walker; that the court erred in giving instruction No. 10, and in refusing defendant's tendered instructions Nos. 3 and 5; and in support of the review as to the judgment against Walker, error is specified in refusing to give five tendered instructions; and error in giving instructions Nos. 8, 13, and 15; in admitting, as elements of damage, costs and attorneys' fees incurred in defending a violation of the laws and ordinances of the Town; in prosecuting an independent action for injunction to have the barricades removed; admitting in evidence the decree of the court in the injunction case; and finally, in the court's failure to dismiss this action for the reason that defendant was acting in pursuance of his lawful duties as marshal in arresting plaintiffs for the commission of a law violation in his presence.

Our examination of the record discloses that the Town of Sheridan is a municipal corporation, and in the exercise of its powers prescribed by statute, it, through its board of trustees, made provision for standing committees, particularly, a committee on streets and bridges; that it elected a town marshal, and by ordinance prescribed his duties; and further enacted an ordinance providing against damage to town property, which is as follows: "Section 21. Any person who shall injure, mark, destroy, or assist in the same, any pavement, sidewalk, tree, shrub, lightpost, lamp or other public property in

the Town of Sheridan shall be deemed guilty of a misdemeanor and on conviction thereof shall be fined in a sum not exceeding $50.00 for each and every conviction."

The record shows that according to the minutes of the Town Board on May 8, 1952, Walker was duly elected marshal; and that at a further meeting of the Board of Trustees on July 28, 1952, a motion was duly made, seconded and carried, which is as follows: "* *· * a motion by Miller that Matt Walker, as town marshal and road commissioner, erect barricades across what is known as South Federal Boulevard as the same is not in condition and constitutes a hazard to those traveling the same * * *."

▆ As herein stated, the barricades as authorized were placed across the street near the boundries of Walker's property. That on February 10, the Tuckers deliberately drove through the barricades and summons was issued against them on the complaint of Walker for damaging town property, and upon trial in the police magistrate's court, they were found guilty and fined. They appealed the matter to the county court and while it was pending there, they instituted suit in the district court for mandatory injunction against Walker and the Town and obtained an order requiring removal of the barricades. However, before obtaining this order, Tuckers again drove through the barricades while the order of the Town Board was in full force and effect. There is no showing that the Town of Sheridan authorized the arrest, and no member of the Board of Trustees knew of, or were advised of, the acts of the Tuckers in destroying the barricades, and the record is wholly barren of any connection or participation of the Town or any members of its board of trustees in the arrest made by Walker as hereinbefore described. The Town was in the exercise of its lawful governmental capacity in ordering the placing of the barricades and when Walker arrested the Tuckers for running through them and breaking them in

his presence, he was not acting as an agent or servant of the Town, but was acting in his capacity as a peace officer under full authority derived from the law in such cases and for the benefit of the public. Without enumerating the various sections, chapter 163, '35 C.S.A., and particularly paragraph 7 of section 10 thereof, gives power to the Board of Trustees in towns to regulate the use of the streets. In so doing, the town, as such, acts within its governmental capacity and falls within the rule of immunity against liability in connection with the enforcement of its ordinances. In the present case it is contended that the Town and the marshal were acting under a "resolution" instead of an ordinance. So far as that is concerned, if the action is in the nature of a police regulation, it makes no difference whether it was a resolution, order or ordinance as far as municipal liability is concerned, because a municipality is not liable in damages for the enforcement of an ordinance in the nature of a police regulation. While the case of *McIntosh v. City and County of Denver*, 98 Colo. 403, 55 P. (2d) 1337, is a case involving malicious prosecution, the principles there enunciated as to the municipality are applicable here. Referring again to the contention of counsel for defendants in error that defendants could not justify an arrest, as they attempt to do, for a violation of a resolution instead of a law or ordinance, we direct counsel's attention to the fact that the arrest here was not for violation of the order contained in the minutes of the Town Board as herein set out, but was for the direct violation of the ordinance of the Town against destroying town property. Counsel also contends that defendants failed to show that the so-called barricades were of any value whatever. Value does not enter into the situation here. The offense would be the same if the structures constituted a barricade and served such a purpose, regardless of whether of great or no actual value. Overzealous in his desire to uphold a favorable judgment, counsel for defendants in error states, "That the Town

was in on the whole deal, lock, stock and barrel," and that there is plenty of evidence to that effect in the record. After carefully reading the record, and finding a total absence of any such evidence, we are caused to wonder what prompted such a statement. There is no case cited that would lend support in sustaining the judgment against the Town herein. In relation to the judgment against the Town, it is unnecessary to further discuss other contentions made in support thereof, since, under the facts herein disclosed, no liability attached as to the Town, and the judgment against it is therefore reversed.

The law and the facts necessitate a separate study as to the judgment against defendant Walker, and require determination of his right, under the statutes and the ruling cases, to arrest and imprison defendants in error Tucker for a violation of an ordinance in his presence, without a warrant.

Counsel for plaintiffs, defendants in error, insists that the applicable and governing statute in this case is a portion of section 233, chapter 163, '35 C.S.A., which in part is as follows: "In all actions for the violation of any ordinance the first process shall be a summons; provided, however, that a warrant for the arrest of the offender may issue at the first instance upon the affidavit of any person that any such ordinance has been violated, and that the person making the complaint has reasonable grounds to believe the party charged is guilty thereof, and any person arrested upon such warrant shall, without unnecessary delay, be taken before the proper officer to be tried for the alleged offense * * *."

That this statute is not applicable in the instant case is at once apparent, because it provides that the person making the complaint has reasonable grounds to believe the party charged is guilty. It is obvious that it does not apply to a case where the violation occurred in the presence of the arresting officer, because there would be no

206

room for a reasonable ground for belief of guilt in such an instance.

■ It is the rule of common law that an officer could make arrest for certain misdemeanors committed in his presence without a warrant, and by statutes in some jurisdictions this authority has been extended to include breaches of ordinances, and to accomplish this the statute provided that the violation of a town ordinance was a misdemeanor leaving its police officer with full authority to make arrests without warrant for violations committed in his presence. In some jurisdictions this is limited by statute to cases in which there is insufficient time to procure a warrant. 4 Am. Jur., page 26, section 40. Colorado has no direct statute on this question as it relates to marshals of incorporated towns. The nearest approach is section 82, chapter 163, supra, defining the duties of a marshal of cities of the second class, which, among other things, authorizes the marshal to "suppress all riots, disturbances and breaches of the peace, apprehend all disorderly persons in the city * * * apprehend any person in the act of committing any offense against the laws of the state or ordinances of the city, and forthwith and without any warrant, bring such person before a police magistrate * * * for examination and trial; he shall have, in the discharge of his proper duties, like powers, and be subject to like responsibilities as sheriffs or constables in similar cases." Our statute concerning "Cities of Second Class and Incorporated Towns," being sections 87, 88 and 89, or subdivision 4 of chapter 163, supra, does define the power of council and boards of trustees, and for giving of a bond by the marshal, but is silent as to the duties of a marshal.

■ Public policy, regardless of statute, requires and supports the maintenance of an authorized peace officer in an incorporated town. This is necessary for the maintenance of public safety, health, and the preservation of property, and to hold that a peace officer, be he policeman, town marshal, constable or sheriff, must stand by

and witness the violation of a town ordinance and the destruction of its property and be impotent under the circumstances and permit an offender to do the damage and escape, maybe into parts unknown, without resisting the violation and apprehending the violator, would be a travesty upon justice and the police powers inherent in any municipal corporation. This holding gives full support to peace officers even against liability upon their official bond conditioned for the faithful discharge of the duties of their office as provided by section 87, chapter 163, supra. Ordinances such as are here involved are enacted for the preservation of peace, good order, and public convenience and protection of property rights. For a town or city to tolerate the destruction of its property because its duly authorized peace officers are unauthorized to stop the violation or apprehend the violator, until such a time as a warrant could be procured through the time-consuming processes, is unthinkable. The failure of our legislature to provide for such instances does not abrogate the inherent right of a municipality, or a town marshal, to discharge his full duty to prevent a violation of an ordinance as here involved, or to arrest any person violating same in his presence, and we believe, and so hold, that this ruling should apply even though the violation of the ordinance here involved does not amount to a breach of peace.

There is no contention, in the instant case, that the arrest was made without justification; in fact, plaintiffs brazenly violated the ordinance on two occasions, and, in a sense, invited just what happened to them, and now contend that they had a legal right to smash the barricades. It is to be remembered that plaintiffs could not await the result of their own court action to have the barricades removed, but prior to such legal proceedings they committed the offense for which they now claim they were damaged. If any actual damage occurred to plaintiffs, it was of their own making, and certainly there is no showing that the injury of which they com-

plain here was attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of their rights and feelings, as is provided by our statute on exemplary damages. On the other hand, plaintiffs did not consider the rights or privileges of others in the town, but insist upon being protected in what they claim as a license to do as they please regardless. The court erroneously submitted the question of exemplary damages to the jury for the reason that such, in the absence of any evidence whatever, would be an inflammatory and unwarranted suggestion to the jury.

Having justification for what he did here, defendant Walker, the marshal, should not be penalized or held liable in the clear performance of his duties as a peace officer; therefore the judgment against him is reversed, the cause remanded, and the trial court is directed to dismiss the complaint as against both defendant Town and Walker.

Mr. Justice Clark concurs in the result.