411 F.2d 80
 Joseph F. SCHINDELAR, D. V. M., Appellant,
v.
David L. MICHAUD, Robert E. Brown, Harold Erb, and Kenneth T. Colwell, Administrator of the Estate of Robert A. Welsh, Deceased, Appellees.
 No. 10056.
 United States Court of Appeals Tenth Circuit.
 June 2, 1969.
 
 Robert C. Hawley, Denver, Colo. (Ireland, Stapleton, Pryor & Holmes, and Kenneth L. Starr, Denver, Colo., with him on the brief), for appellant.
 Walter A. Steele, of White & Steele, Denver, Colo., for appellees.
 Before BREITENSTEIN, SETH, and HICKEY, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 Appellant instituted this suit pursuant to 42 U.S.C. § 1983 to recover damages from appellees who are peace officers for assault and battery, false arrest, false imprisonment, and malicious prosecution, all in violation of appellant's fifth and fourteenth amendment rights. The trial judge ruled that the appellees in arresting the appellant had acted legally and submitted to the jury the question of whether unreasonable force was used in effecting the arrest. The jury decided that there had not been any unreasonable exercise of force.
 
 
 2
 The plaintiff-appellant has brought this appeal, contending that the trial court was in error when it determined that the arrest was legal. It is appellant's position that the question of whether the arrest was legal should have been submitted to the jury for their determination. Moreover, appellant contends that his cause of action against the estate of Sheriff Robert A. Welsh, deceased, should not have been dismissed.
 
 
 3
 The dramatis personae and events which motivated the suit can be generally described as follows: Appellant practiced veterinary medicine in Evans, Colorado, and had in times previous to this incident enjoyed a cordial relationship with the officials of the community. He had, as an accommodation to the community, boarded stray dogs free of charge at his animal clinic. However, due to disputes over drainage and the grading of the road in front of the appellant's home and business, the relationship between appellant and the community officials had deteriorated.
 
 
 4
 At the time of the incident which gave rise to this action the appellant was relocating his driveway and some trees. The person he had employed to do the necessary excavation work had deposited the extra earth which had to be removed in a community drainage ditch across the road from the appellant's residence. This fact was related to appellee, Harold Erb, the then town marshal of Evans, who drove to the appellant's residence to discuss the problem of where the excess dirt was being placed. On his arrival at appellant's place, Mr. Erb drove onto the appellant's property in his patrol car. There is a conflict in the testimony as to the marshal's state of agitation, but it is conceded that the appellant thereupon ordered him off the property. The marshal pointed out that he was there only to discuss the matter of where the dirt was being placed but appellant again ordered him off the property, then struck Erb in the face, and then struck him a second time. Erb retreated to his patrol car, and sought to radio for help. At this point, the appellant took a shovel and smashed out the windshield of the patrol car. Erb left and called for the assistance of the Weld County sheriff's office. Deputy sheriffs Robert Brown and David Michaud, appellees herein, responded to the call for assistance and met with Erb at a service station a few blocks from the appellant's residence. The three men returned not only to discuss the problem of the earth removal, but also the incident of the broken windshield. Again there is conflict in the evidence as to exactly how the arrest was effected; but after a scuffle, appellant was subdued and taken to the county sheriff's office.
 
 
 5
 Appellant's first contention is that Marshal Erb had no right to enter upon his property in the first instance, and that therefore appellant was entitled to use any reasonable amount of force to evict him as the marshal was no more than a trespasser. It must be conceded that the reason Marshal Erb went to the appellant's residence was for the purpose of discussing the matter of the appellant's removing the dirt to the town drainage ditch. Colo.Rev.Stat. '63, § 40-18-41 makes it unlawful for any person to dump or leave trash or garbage upon any public property or along any public highway in the state, and section 40-18-42 also authorizes any peace officer to enforce its provisions. We must conclude that Mr. Erb as a police officer and town marshal had authority to go upon the appellant's property since he was engaged in the performance of his official duties. He was therefore not a trespasser. Clews v. People, 151 Colo. 219, 377 P.2d 125 (1962); Walker v. Tucker, 131 Colo. 198, 280 P.2d 649 (1955); Lunt v. Post Printing & Publishing Co., 48 Colo. 316, 110 P. 203 (1910). It may also be observed that even if the above were not the case, as Judge Doyle concluded, the appellant certainly employed unreasonable force in evicting Erb in twice striking him and then smashing out the windshield of his patrol car.
 
 
 6
 It is appellant's second contention that when the three appellees, Erb, Brown, and Michaud, later returned, they could not effect a legal arrest inasmuch as they lacked a warrant, and they were not in "fresh pursuit" of a person they knew to have committed a crime.
 
 
 7
 By section 39-2-20 of Colo.Rev. Stat. '63, it is provided that:
 
 
 8
 "An arrest may be made by an officer or by a private person without warrant, for a criminal offense committed in his presence; and by an officer, when a criminal offense has in fact been committed; and he has reasonable ground for believing that the person to be arrested has committed it."
 
 
 9
 The trial judge concluded that the appellant's attacks on Marshal Erb constituted an unjustified assault and battery in the first instance. Subsequently Erb witnessed a breach of the peace and damage to public property when appellant smashed out the windshield with a shovel. We agree with the trial judge that in the light of such events, the marshal need not have obtained a warrant.
 
 
 10
 Appellant however argues that even if the marshal may not have been required to obtain a warrant at the time of the first altercation, his leaving to get the assistance of the two deputy sheriffs and returning forty-five minutes later constituted such a break in the chain of events that at that time he would have been required to have had a warrant. Colo.Rev.Stat. '63 § 39-14-5, which defines "fresh pursuit," has as its last sentence, "[f]resh pursuit shall not necessarily imply instant pursuit, but pursuit without unreasonable delay." In reading this statute, and in reviewing the cases cited by appellant on the question of "fresh pursuit" (and which incidentally stand in the main for the proposition that the arrest need not be immediate but concede that considerable time may be needed to procure necessary assistance), we conclude that appellees Erb, Brown, and Michaud had probable cause to arrest the appellant, acted without unreasonable delay, and thus a warrant was not required.
 
 
 11
 Appellant also contends that his arrest was unlawful because he was not advised that he was being arrested and the reason for the arrest. Appellant is unable to cite any Colorado authority which supports such a proposition. Moreover, in reviewing the general authorities cited by the appellant that relate to this proposition, we find that they hold that a person must be advised that he is being arrested and the reason therefore unless that person either knows or has reason to know that he is being arrested and why. Appellant admitted that he knew Erb, Brown, and Michaud were officers. It is inconceivable to us that he did not know why they had returned, he having attacked one of them and knocked out the windshield of his patrol car only a few minutes earlier.
 
 
 12
 It is unnecessary for us to reach the question of whether the trial court properly dismissed the complaint against the administrator of the estate of Robert A. Welsh, former sheriff of Weld County. The decision of the jury as to the liability of the appellees Erb, Brown, and Michaud was adverse to the appellant, and therefore the appellant was in no way prejudiced since the only way Sheriff Welsh could have been held liable was vicariously.
 
 
 13
 Affirmed.