Wayne L. CLARK, Jr., Elsa H. Clark, Rose C. Snyder and Hattie A. Myers, Plaintiffs-Appellants,

v.

The TOWN OF ESTES PARK, Colorado, a Municipal corporation, Defendant-Appellee.

No. 80CA0871.

Colorado Court of Appeals, Div. I.

May 6, 1982.

Rehearing Denied June 3, 1982.

Certiorari Granted Nov. 22, 1982.

Joseph P. Jenkins, P.C., Joseph P. Jenkins, Estes Park, for plaintiffs-appellants.

Hammond, Clark & White, Gregory A. White, Loveland, for defendant-appellee.

COYTE, Judge.

Plaintiffs appeal from a judgment allowing the Town of Estes Park to acquire property for a parking lot and allowing a parking lot to be operated by the Town of Estes Park in a location not specifically authorized by its own zoning ordinances. We affirm.

Estes Park purchased a lot near the downtown area to be used as a municipal parking lot. Some abutting neighbors, among which were the appellants here, filed an action seeking injunctive relief and a declaratory judgment that the town could not operate a municipal parking lot in the area selected since the zoning ordinances did not authorize a parking lot in this area.

The trial court found that the town's use of the lot for municipal parking would constitute a governmental service and that the town need not follow its own zoning ordinances where it is acting in such a governmental capacity.

Plaintiffs first contend that the trial court erred in finding that the operation of the parking lot was a governmental function and was thus exempt from zoning restrictions. We disagree.

Governmental functions are those which a municipality exercises as an arm of the state for the public good generally. *City of Pueblo v. Weed,* 39 Colo.App. 415, 570 P.2d 15 (1977), *rev'd on other grounds,* 197 Colo. 52, 591 P.2d 80 (1979). Proprietary functions are exercised for the benefit and enjoyment of the citizens of a particular municipality and may also be performed by private corporations for profit. *City of Pueblo v. Weed, supra.* The power to regulate roads and highways is considered to be a governmental function. *Walker v. Tucker,* 131 Colo. 198, 280 P.2d 649 (1955). Thus, the determination whether this town project is governmental or proprietary must turn on the facts of this particular case.

Here, the town of Estes Park had a very large volume of traffic passing through it in the summer with corresponding congestion and parking problems. The town thus proposed this parking lot to help alleviate

some of the congestion downtown. The lot was to be free and the town would not derive any revenue from its operation.

■ Since the lot was designed to ease traffic congestion and parking problems, it was to be built incidental to the town's power to regulate roads and highways. Furthermore, as the lot would bring in no revenue to the town and would benefit not only the citizens of Estes Park but also any visitors to the area by easing traffic congestion, the evidence supports the findings of the trial court that construction of the lot was a governmental function. *Stott v. City of Manchester,* 109 N.H. 59, 242 A.2d 58 (1968); *see Krantz v. City of Hutchinson,* 165 Kan. 449, 196 P.2d 227 (1948).

■ Since construction of the parking lot was a governmental function, the trial court did not err in determining that the town was thus exempt from zoning restrictions prohibiting such construction in the area. *Nehrbas v. Incorporated Village of Lloyd Harber,* 2 N.Y.2d 190, 140 N.E.2d 241, 159 N.Y.S.2d 145 (1957); *Jefferson National Bank v. City of Miami Beach,* 267 So.2d 100 (Fla.App.1972); 8 *E. McQuillin, Municipal Corporations* § 25.15 at 37 (3rd ed. 1976).

Plaintiffs last contend that the parking lot will constitute a private nuisance, and thus, the trial court erred in not issuing an injunction prohibiting its construction. We disagree.

■ Whenever a plaintiff claims that defendant's action constitutes a private nuisance, the trial court must determine whether the defending party has unreasonably interferred with the claimant's use and enjoyment of his property. *Northwest Water Corp. v. Pennetta,* 29 Colo.App. 1, 479 P.2d 398 (1970).

■ Here, the trial court found that although the parking lot would increase the traffic on roads adjacent to the lot, such an increase would not constitute a substantially greater safety hazard than now existed on the streets. It also found that there was no evidence that the town's operation of the parking lot would constitute a nuisance, particularly since parking lots were already permitted in that area as accessory uses to buildings.

As the evidence supports the trial court's findings that plaintiffs had not shown the existence of a nuisance, *see Lowder v. Tina Marie Homes, Inc.,* 43 Colo.App. 225, 601 P.2d 657 (1979), we will not disturb these findings on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

Judgment affirmed.

VAN CISE and TURSI, JJ., concur.