Wayne L. CLARK, Jr., Elsa M. Clark, Marian R. Patterson, Bert A. Patterson, John W. Robinson, Elizabeth E. Robinson, Rose C. Snyder, T. Jay Carwin, Rosetta Carwin, and Hattie A. Myers, Petitioners,

v.

The TOWN OF ESTES PARK, Colorado, a municipal corporation, Respondent.

No. 82SC280.

Supreme Court of Colorado, En Banc.

Aug. 20, 1984.

Joseph P. Jenkins, Joseph P. Jenkins, P.C., Estes Park, for petitioners.

Gregory A. White, Hammond, Clark & White, Loveland, for respondent.

DUBOFSKY, Justice.

We granted certiorari to review the Court of Appeals' decision in *Clark v. Town of Estes Park*, 654 P.2d 855 (Colo. App.1982). The Court of Appeals determined that a municipality may build a parking lot in an area zoned residential because the municipality is not bound by its own zoning ordinances when acting in a governmental, rather than a proprietary capacity. We reject the governmental/proprietary distinction, reverse the Court of Appeals' decision, and remand this case for further proceedings.

The plaintiffs are owners of real property in the town of Estes Park (the town). Their property is adjacent to, or in the immediate vicinity of, property acquired by the town for the purpose of constructing a municipal parking lot. The town's zoning ordinances do not permit the operation of a parking lot as a separate use on the property at issue, although parking lots are per-

mitted as accessories to other permitted uses, i.e., hotels, motels, restaurants, apartment houses and churches.[1] The plaintiffs brought suit to enjoin the town's construction of the parking lot, relying on the town's zoning ordinances and on a nuisance theory.

The Larimer County District Court held that there was no evidence that the parking lot would be a nuisance and that the town need not follow its zoning laws when engaged in a governmental activity. The district court stated: "Parking is an integral part of highway use and regulation, and adequate provision for parking is the exercise of a governmental function." The plaintiffs appealed, and the Court of Appeals affirmed the decision of the district court. We granted certiorari to determine whether municipalities are exempt from their zoning ordinances when acting in a governmental capacity and, if so, whether operation of a parking lot is a governmental function. The issues presented are of first impression in Colorado.

The governmental/proprietary distinction[2] has its origins in tort law where, historically, it served to avoid the harshness of the doctrine of sovereign immunity in some cases where an individual was injured because of the negligence of a government official. *City of Fargo v. Harwood Township*, 256 N.W.2d 694 (N.D. 1977). *See also* Note, *Governmental Immunity from Zoning*, 22 B.C.L. Rev. 783, 793–794 (1981).[3] In a number of jurisdictions, courts have adopted the distinction to resolve cases where the exercise of municipal power conflicts with municipal zoning laws. In those jurisdictions, municipalities are exempt from their own zoning laws when acting in a governmental capacity but not when acting in a proprietary capacity. *See* 8 McQuillin Mun.Corp. § 25.15 (3d ed.) (1983).

One commentator has suggested that the governmental/proprietary distinction was originally applied to zoning law to allow municipalities to act unimpeded by zoning ordinances when their actions were in the general public interest. Regardless of the

---

1. The property at issue and the plaintiffs' property are within an R–2 Multiple Family Residential Zoning District. Estes Park Municipal Code, Chapter 17.24 (1977).

2. The Court of Appeals has explained the distinction between governmental functions and proprietary functions as follows:

    Municipal corporations act in two distinct capacities: (1) Governmental, legislative, or public; and (2) proprietary, commercial or quasi-private. *Denver v. Mountain States Telephone & Telegraph Co.,* 67 Colo. 225, 184 P. 604, *error dismissed,* 251 U.S. 545, 40 S.Ct. 219, 64 L.Ed. 407. The governmental functions of a municipal corporation are those functions exercised as an arm of the state, and for the public good generally, whereas proprietary functions are those exercised for the peculiar benefit and advantage of the citizens of the municipality. *Hunke v. Foote,* 84 Idaho 391, 373 P.2d 322; *Krantz v. Hutchinson,* 165 Kan. 449, 196 P.2d 227, 5 A.L.R.2d 47.

    *City of Pueblo v. Weed,* 39 Colo.App. 415, 418–19, 570 P.2d 15, 18 (1977), *rev'd on other grounds,* 197 Colo. 52, 591 P.2d 80 (1979). The Kansas Supreme Court in *Krantz* gave a slightly fuller definition:

    In its public or governmental capacity, the municipality ... acts as a sort of arm of the

state, and as such exercises the limited governmental powers granted to it by the state.

. . . . .

[G]overnmental functions are those that are *exercised for the public good, generally,* and "for the exercise of which the municipality *receives no compensation or particular benefit.*"

. . . . .

Municipal functions are those ... which *specially and peculiarly promote the comfort, convenience, safety, and happiness of the citizens of the municipality,* rather than the welfare of the general public.

*Krantz v. City of Hutchinson,* 165 Kan. 449, 196 P.2d 227, 231 (1948) (emphasis in original).

The imprecision of the definition is apparent.

3. This court criticized the governmental/proprietary distinction in a negligence case, *Evans v. Board of County Commissioners,* 174 Colo. 97, 100–01, 482 P.2d 968, 969–70 (1971). Subsequently, the General Assembly declared in the Colorado Governmental Immunity Act that "the distinction for liability purposes between governmental and proprietary functions should be abolished." § 24–10–102, 10 C.R.S. (1982). However, the Act retains governmental immunity for actions arising out of injuries resulting from a dangerous condition on public parking facilities. § 24–10–106(1)(e), 10 C.R.S. (1982).

original justification for extending the governmental/proprietary distinction to the zoning context, the commentator observes that the distinction has become a mechanical application of convenient labels. Note, *Governmental Immunity from Local Zoning Ordinances*, 84 Harv.L.Rev. 869, 872 (1971). Thus, the distinction is often an arbitrary and unpredictable means of resolving disputes. *Compare Clark v. Town of Estes Park*, 654 P.2d 855 (Colo. App.1982) (the building of a municipal parking lot is a governmental function) *with Rich v. City of Englewood*, 657 P.2d 961 (Colo.App.1982) (the building of a municipal water tower is a proprietary function).[4]

Jurisdictions following the doctrine vary widely in its application. *E.g., compare Baltis v. Village of Westchester*, 3 Ill.2d 388, 121 N.E.2d 495 (1954) (construction of a water tower is a proprietary function) *with Barnathan v. Kramer*, 44 Misc.2d 203, 253 N.Y.S.2d 144 (1964) (construction of a water tower is a governmental function). At least one court has declared the governmental/proprietary distinction to be entirely illusory. *Washington Township v. Village of Ridgewood*, 26 N.J. 578, 141 A.2d 308 (1958). We conclude that the governmental/proprietary distinction does not provide a fair or predictable means of determining when a municipality must obey its zoning ordinances and do not apply it in the municipal zoning context.

It remains to be determined in this case whether, when a zoning ordinance is silent as to its applicability to municipal activity, we shall presume such municipal activity to be exempt from the ordinance. The issue involves interpretation of the ordinance. In general, this court interprets

legislation according to its plain language. *People v. Owens*, 670 P.2d 1233 (Colo.1983); *Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973). To read a provision into an ordinance which does not appear in its text would often result in legislation untested by the political process and unintended by its drafters. We presume, therefore, that unless municipal zoning ordinances specifically exempt municipal activity, such activity was not intended to be exempt.

Section 31–23–301, 12 C.R.S. (1983 Supp.) requires that municipalities exempt from the operation of zoning ordinances:

any building or structure as to which satisfactory proof is presented to the board of adjustment that the present or proposed situation of such building or structure is reasonably necessary for the convenience or welfare of the public.[5]

Therefore, the parking lot at issue may be exempted from the Estes Park zoning ordinance if the board of adjustment[6] finds it is reasonably necessary for the convenience or welfare of the public. Decisions of the board of adjustment are susceptible to judicial review. Section 31–23–307, 12 C.R.S. (1983 Supp.). In this case the town has not invoked the statutory procedure for exempting the parking lot from its zoning ordinances.

We therefore reverse the decision of the Court of Appeals and remand this case for return to the district court with directions that construction of the parking lot be enjoined unless and until the town validly exempts the proposed parking lot from its zoning ordinances.

Judgment reversed and case remanded.

---

**4.** We reverse *Clark v. Town of Estes Park* in this opinion. The Court of Appeals' judgment in *City of Englewood v. Rich* is vacated in 686 P.2d 781 (Colo.1984). Both Court of Appeals' opinions, however, have support in case law from other jurisdictions as applications of the governmental/proprietary doctrine.

**5.** The plaintiffs urge that a parking lot is not a "structure" within the meaning of section 31–23–301, 12 C.R.S. (1983 Supp.). Statutory terms

are generally given effect according to their plain meanings. *People v. Owens*, 670 P.2d 1233 (Colo.1983). Webster's International Dictionary (3rd ed. 1961) defines structure as "something constructed or built." This definition includes a parking lot within its scope.

**6.** Estes Park Municipal Code, § 17.72.040 (1984) establishes the board of adjustment.