CRISWELL, Judge.
Asserting that defendants failed to file their notice of appeal within the time required by § 39-8-108, C.R.S. (1986 Cum. Supp.), the City and County of Denver and the Winter Park Recreational Association (taxpayers) have moved to dismiss this appeal. We grant that motion in part.
The proceedings leading to this appeal were initiated by the taxpayers pursuant to § 39-8-108, C.R.S. (1982 Repl.Vol. 16B) and § 39-8-108, C.R.S. (1986 Cum.Supp.), to protest the tax assessments of certain real property by the Grand County Assessor for the tax years 1984, 1985, and 1986. Although the review proceeding for each tax year was separately initiated, all three proceedings were ultimately consolidated by the trial court for consideration and disposition. See C.R.C.P. 42(a).
Prior to its amendment in 1985, see Colo. Sess.Laws 1985, at 1228-1230, § 39-8-108 required a taxpayer to appeal an adverse assessment decision of a county board of equalization to the state board of assessment appeals (board) and, if unsuccessful there, to the district court. Accordingly, the taxpayers appealed the 1984 assessment to the board. When the board rejected their contentions, they petitioned the district court to have it review the board decision.
The 1985 amendment to § 39-8-108(1), however, gave any protesting taxpayer the choice of appealing a local board of equalization’s decision to the board or, alternatively, directly to the district court. The taxpayers elected to appeal their 1985 and 1986 assessments directly to the district court. That court ultimately entered a consolidated judgment in favor of the taxpayers in each of the three proceedings.
Defendants filed their notice of appeal from the district court’s consolidated judgment with this court on the 35th day after that judgment was entered. The issues presented by the taxpayers’ motion to dismiss, therefore, are whether that notice was filed within the time set by the pertinent statute and, if not, whether this court has authority to extend the time for filing such a notice beyond that set by the statute.
I.
Prior to its 1985 amendment, § 39-8-101, et seq., C.R.S. (1982 Repl.Vol. 16B), made *1308 no reference to the appellate review of a district court judgment entered upon that court’s review of a board decision. At that time, therefore, the provisions of the Administrative Procedure Act (APA), § 24-4-106(9), C.R.S. (1982 Repl.Vol. 10), governed appeals to this court in such proceedings. See § 24-4-107, C.R.S. (1982 Repl.Vol. 10); In re Claim of Zappas v. Industrial Commission, 36 Colo.App. 319, 543 P.2d 101 (1975). That statute allows an appeal from a district court judgment entered upon its review of a state agency decision “as may be permitted by law or the Colorado appellate rules.” However, since a county board of equalization is not an agency which exercises “statewide territorial jurisdiction” under § 24-4-107, C.R. S. (1982 Repl.Vol. 10), the APA does not apply to a direct action in the district court under the 1985 amendment. See Two G’s, Inc. v. Kalbin, 666 P.2d 129 (Colo.1983); Cottonwood Farms v. Board of County Commissioners, 725 P.2d 57 (Colo.App.1986).
Effective January 1, 1985, C.A.R. 4 was amended to allow a notice of appeal to be filed with the appellate court on or before 45 days from the date of the entry of a district court judgment. However, C.A.R. 4 is not applicable to “[ajppeals from ... special statutory proceedings,” C.A.R. 3.1(a), or “for special proceedings in which a different time period is set by statute for the taking of an appeal.” C.A.R. 1(b).
At the same time that § 39-8-108(1) was amended to allow a taxpayer the option of appealing to the board or directly to the district court, a new subsection was added to that statute. That provision, § 39-8-108(3), C.R.S. (1986 Cum.Supp.), reads as follows:
“If the petitioner has appealed to the district court and the decision of the court is against the petitioner, he may seek appellate review according to the Colorado appellate rules; but a notice of intent to seek appellate review must be filed with the district court within thirty days after its decision becomes final. If the decision of the district court is against the respondent, the respondent may seek appellate review of the decision according to the Colorado appellate rules within thirty days after such decision.” (emphasis supplied)
Hence, to the extent that § 39-8-108(3) is applicable to any of the appeals here, defendants had only thirty days from the date of entry of judgment within which to file their notice of appeal with respect to that proceeding. Defendants, however, argue that the provisions of § 39-8-108(3), which were added at the same time that the statute was amended to provide for a direct “appeal” to the district court, were intended to apply only in the case of such direct appeal and not in the case of proceedings in the district court to review a prior board decision. We agree.
. A statute must be interpreted in accordance with the intent of the legislative body adopting it. Beth Israel Hospital & Geriatric Center v. District Court, 683 P.2d 343 (Colo.1984). Hence, if a statute may bear varying interpretations, the interpretation to be adopted is the one which most accurately reflects its legislative intent. Engelbrecht v. Hartford Accident & Indemnity Co., 680 P.2d 231 (Colo.1984). This legislative intent may be ascertained by considering the language in dispute in the context of the entire statute, its objective, and the consequences which would follow any particular construction of that statute. Brown v. Board of County Commissioners, 720 P.2d 579 (Colo.App.1985).
With these principles in mind, we conclude that the General Assembly intended to have the 30-day time limit for appeals established by § 39-8-108(3) apply only to a judgment resulting from a direct action in the trial court. It was not intended to have that provision apply to a judgment rendered upon the review of a prior board decision.
There are, in our view, at least three considerations which support this conclusion.
*1309 First, by its language, the provision in question is limited to those situations in which the taxpayer has “appealed to the district court.” (emphasis supplied) Importantly, § 39-8-108(1) and (2) are consistent in describing a direct action in the district court by the taxpayer as an “appeal.” They are just as consistent in referring to an action instituted to review a board decision as one involving a “petition” for review. At no point in any of these subsections of § 39-8-108 did the General Assembly use the word “appeal” to describe the judicial review of a board decision or the term “petition” to describe the institution of a direct action in the district court. Thus, use of the word “appeal” in § 39-8-108(3) leads to the natural conclusion that that word continued to be used in the same sense that it was used in the prior two subsections.
Second, at the same time that § 39-8-108(3) was added, the statute was also amended to allow a taxpayer to “appeal” to the district court, without the necessity of a prior “appeal” to the board. These two statutory provisions are in pari materia and must be construed together. See BQP Industries v. State Board of Equalization, 694 P.2d 337 (Colo.App.1984). And it is no mere coincidence that, when the General Assembly, for the first time since the board’s creation, allowed a taxpayer to appeal directly to the district court, it also provided, for the first time, a specific procedure for the appellate review of a district court judgment in a tax assessment case.
Third, a county assessor, as a respondent, may, under certain circumstances, petition a district court to have an unfavorable board decision reviewed. See § 39-8-108(2). Section 39-8-108(3), however, does not apply to such a proceeding initiated by a respondent. Since it does not apply to a respondent’s petition for review, it would be an unusual interpretation which would render § 39-8-108(3) applicable to such proceedings merely because it was the taxpayer who filed the petition with the district court.
We conclude, therefore, that the 30-day time limit established by § 39-8-108(3) is applicable to the defendants’ appeal of the judgments entered in the taxpayers’ direct actions in the district court respecting the 1985 and 1986 assessments. However, it is the provisions of the APA and C.A.R. 4, providing a 45-day period within which to file a notice of appeal with this court, which govern the district court’s judgment relating to the 1984 assessment.
II.
Had each of the three actions been separately prosecuted in the trial court, the conclusion would be manifest that the filing of the notice of appeal in the proceedings involving the 1985 and 1986 assessments, being beyond the 30 days limited by § 39-8-108(3), would have been untimely. The question now presented, however, is whether the trial court’s order of consolidation caused the three actions to be subject to a common time limit for the filing of the necessary notices of appeal. We conclude that the trial court’s order had no such effect.
If two pending lawsuits have resulted in the “splitting” of a single claim for relief, it may be possible for a trial court, pursuant to C.R.C.P. 42(a), to “consolidate” the two actions into a single action. See Weyerhaeuser Mortgage Co. v. Equitable General Insurance Co., 686 P.2d 1357 (Colo.App.1983). But, the consolidation of two or more independent actions for trial and disposition purposes does not cause them to “merge into a single cause.” National Farmers Union Property & Casualty Co. v. Frackelton, 650 P.2d 571 (Colo.App.1981), aff'd, 662 P.2d 1056 (Colo.1983). See generally, 9 C. Wright & A. Miller, Federal Practice & Procedure § 2382 (1971).
Several courts have held that, since each action retains its separate identity, an order disposing of all claims and issues in one action is a final judgment for appeal purposes, needing no C.R.C.P. 54(b) order, *1310 even though there remain claims or issues to be decided in one or more of the other actions. See Kraft, Inc. v. Teamsters Local Union 327, 683 F.2d 131 (6th Cir.1982); In re Massachusetts Helicopter Airlines, Inc., 469 F.2d 439 (1st Cir.1972). Contra Ringwald v. Harris, 675 F.2d 768 (5th Cir.1982). Without adopting an all-inclusive policy upon the point, the Colorado Supreme Court has held that, if an action to confirm an arbitration award is consolidated with another action, an order confirming the award may be appealed, even if not supported by a C.R.C.P. 54(b) order. Judd Construction Co. v. Evans Joint Venture, 642 P.2d 922 (Colo.1982).
These cases are persuasive upon the general proposition that, even after consolidation at the trial level, separate actions retain their separate identities for purposes of appeal and the appellate procedures applicable to each. Further, a consideration of the source and nature of the required appellate procedures here involved render it imperative that each of the three independent proceedings continue to be treated separately on appeal.
The appeal of the judgment involving the 1984 assessment is governed by the APA which adopts, by reference, the 45-day limit set forth in C.A.R. 4(a) for the filing of the notice of appeal. The appeal of the judgments involving the 1985 and 1986 assessments, on the other hand, must be initiated within 30 days under § 39-8-108(3). To hold that a consolidating order under C.R.C.P 42(a) results in causing a single statute to be applied to all three proceedings would be to hold that a trial court may amend an act of the General Assembly merely by adopting an order designed to expedite proceedings before it.
For these reasons, then, we conclude that the trial court’s order of consolidation did not modify the separate appeal procedures and did not alter the times applicable to each separate proceeding.
III.
Finally, defendants ask us, if we find any portion of their appeal to be untimely, to enlarge upon the time for the filing of the notice of appeal. We presume such request is based upon the provisions of C.A.R. 26(b). We conclude, however, that we have no authority so to do.
C.A.R. 26(b) authorizes this court to “enlarge the time prescribed by these rules or by its order for doing any act.” (emphasis supplied) However, the time established for filing the notices of appeal from those judgments relating to the 1985 and 1986 assessments was set by statute, not by the Colorado Appellate Rules or by any order of this court.
Moreover, C.A.R. 3.1(a) is specific in providing that appeals in “special statutory proceedings shall be ... within the time prescribed by statute.” This provision precludes the application of our authority under C.A.R. 26 where, as here, the governing statute fails to authorize the reviewing court to enlarge upon the time set by that statute. See Cornstubble v. Industrial Commission, 722 P.2d 448 (Colo.App.1986); Lutheran Hospital & Homes Society v. Industrial Commission, 710 P.2d 496 (Colo.App.1985). One seeking to exercise a statutory right of appeal must follow the statutory procedures within the time prescribed in order to vest this court with jurisdiction over the appeal. See Trujillo v. Industrial Commission, 31 Colo.App. 297, 501 P.2d 1344 (1972).
Hence, to the extent that defendants’ notice of appeal seeks to have this court review the judgment invalidating the 1985 and 1986 assessments, the same was not timely filed. Therefore, the taxpayers’ motion to dismiss those appeals is granted, and those appeals are hereby dismissed. To the extent that that notice of appeal seeks review of the judgment relating to the 1984 assessment, the taxpayers’ motion to dismiss is denied, and the appeal of that judgment shall proceed in normal course.
*1311 VAN CISE and SILVERSTEIN,* JJ., concur.