## No. 11,835.

### HOME INSURANCE COMPANY OF NEW YORK v. DENVER WESTERN BASEBALL CO.

Decided June 13, 1927.

Action on insurance policy. Judgment for plaintiff.

## *Affirmed.*

### *On Application for Supersedeas.*

1. INSURANCE—*Policy—Construction.* Provision in an insurance policy making the reading of the U. S. rain gauge in a city conclusive of rainfall under a clause of the contract insuring a baseball company against loss of receipts by reason of rain, held inapplicable to another clause insuring against loss by abandonment of game caused by rainfall at the ball grounds.

2. CONTRACTS—*Construction.* Courts are not at liberty to put into a contract a clause which the parties themselves did not insert.

3. INSURANCE—*Contract—Construction.* If there is ambiguity in an insurance policy, it should be resolved in favor of the insured, by application of the rule that a contract is to be construed most strongly against the party that prepared it.

4.  EVIDENCE—*Climatic Conditions.*  That different climatological conditions may obtain at the same hour. in the same city is a matter of universal knowledge.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. SYLVESTER G. WILLIAMS, for plaintiff in error.

Mr. PHILIP HORNBEIN, Mr. THEODORE EPSTEIN, for defendant in error.

*Department Two.*

MR. JUSTICE ADAMS delivered the opinion of the court.

THE Denver Western Baseball Company sued and recovered judgment against The Home Insurance Company upon a policy insuring plaintiff against loss occasioned by rain.  The insurance company brings the case here and asks for a supersedeas.

The matter involves a construction of the wording of the policy, as to certain evidence admissible thereunder. The baseball company is a Colorado corporation and owns and manages a baseball club.  It plays games at different cities within the jurisdiction of the western league, including among others, Denver, and Oklahoma City, Oklahoma.  The Denver team was scheduled to play the last game of the 1923 baseball season at Oklahoma City, on September 30, 1923.  Great interest was manifested and a large crowd was anticipated as the game was expected to determine the championship of the western league.  On September 25, 1923, the baseball company took out and paid for its rain insurance policy, with the Denver office of the insurance company. We have set out the policy in full, except as to certain protecting clauses common to insurance policies, not here involved.  For convenient designation, we have in-

serted numbers before three of the principal paragraphs discussed, calling them clauses 1, 2 and 3 respectively. The policy reads:

"In consideration of the stipulations herein named and of—sixty-six and no/100—Dollars Premium (The Home Insurance Company), does insure Denver Western Baseball Company, and legal representatives against loss occasioned by rain, except as herein provided, to an amount not exceeding—One Thousand and No/100—Dollars under the following conditions, to-wit:

Form G                  Baseball
            Abandonment of Income

"[Clause 1]  If by reason of rainfall, at the grounds where the baseball game hereinafter provided for is to be held, between the hour of 9:00 a. m. and the end of four and one-half innings of the game hereinafter provided for, on any one day, it becomes necessary to abandon or postpone before the end of four and one-half innings to a later date, the Scheduled baseball game hereinafter provided under schedule for such day, between the Denver Baseball Club, and the contending club hereinafter provided under schedule for said day's game, this Company, unless otherwise provided hereinafter, shall be liable for the full amount of insurance provided hereinafter under schedule for such day.

"[Clause 2]  Or, if by reason of one-one-hundredths of an inch or more of rainfall, at the specific location hereinafter provided for ascertaining the measure thereof, between the hour of 9:00 a. m. and the hour of the commencement of the baseball game hereinafter provided for under schedule, on any one day, when a legal game has been played, the gross income of the insured from gate and grandstand receipts for such day, regardless of when received, does not equal or exceed the amount of insurance hereinafter provided under schedule for said day, then this Company shall be liable for not exceeding the amount of the difference between the gross income, from sources of income provided for

herein for such day, regardless of when received, and the amount of insurance hereinafter provided under schedule for said day.

"This Company shall not be liable:

(a) For loss on any day, on account of abandonment or postponement, unless the baseball game hereinafter provided under schedule for such day shall be abandoned or postponed to a later date in accordance with the conditions hereof and the rules governing said event for such day.

(b) Unless the participants in the baseball game provided hereinafter under schedule for such day shall have arrived in the city or town hereinafter provided under schedule for said day's event.

"Schedule"

Day and Place of event Contending club September 30, 1923 at Oklahoma City, Okla., Okla. City, Okla. Insurance $1,000.00.

"[Clause 3] The insured shall make arrangements with U. S. Weather Observer for obtaining a rainfall reading, with a rain gauge at Oklahoma City, Oklahoma, Weather Bureau, during the period of time hereinbefore provided, in which the measure of rainfall shall be determined, and shall, on demand of this company, furnish a certified record of same, which record shall be conclusive as to time and amount of rainfall.

"This policy, being a special and limited time contract, shall be void unless the premium provided for herein shall be received by this Company, or a duly authorized representative of this Company, on or before the 25th day of September, 1923.

"Attached to and made a part of Policy No. 20502 of the Home Insurance Company of New York.

Mark A. Skinner Agency,<br>Denver, Colorado."

Plaintiff's suit was on the contract, and particularly clause 1. Plaintiff pleaded and proved by oral testi-

mony, which was undisputed, that on September 30, 1923, between the hour of 9 a. m. and the time when the game was to have commenced at Oklahoma City, there was a rainfall at the grounds where the game was to have been played, by reason of which it became necessary to completely abandon the game, which otherwise would have been played, resulting in plaintiff's loss of its share of the proceeds of the game. Plaintiff recovered judgment for the full face of the policy and accrued interest.

Although clause 2 was not sued upon, it has been drawn into the argument, and so we have quoted it. The ball park in Oklahoma City is about three and one-half to five miles distant from the point of observation of the Oklahoma City Weather Bureau. The Chief of the U. S. Weather Bureau certified under R. S. U. S. sec. 882, that according to his records, there was no rain or other precipitation from 9 a. m. to 5 p. m., Sept. 30, 1923, at Oklahoma City, Oklahoma. In other words, it rained at the ball park, but not at the weather bureau.

Defendant contends that the certificate of the weather bureau, provided for under the third clause, showing that it did not rain, is conclusive. Plaintiff, on the other hand, argues that clause three, making such certificates conclusive, applies only to the second clause, and that any competent evidence to show the abandonment of the game is admissible under the first clause.

1. We agree with plaintiff. The difference between the first and second clauses is to be noted. The first clause makes the company liable for the full amount of the insurance, if, by reason of rainfall *at the grounds,* there is an abandonment of the game, or postponement before the end of four and one-half innings, to a later date. The second clause indemnifies the insured, not in case of abandonment or postponement of the game, but when a legal game has been played, and there has been shrinkage or loss of receipts, ''by reason of one-one-hundredth of an inch or more of rainfall *at the*

*specific location hereinafter provided for ascertaining the measure thereof.''* Under clause 3, the rain gauge is located not at the ball grounds, but at the weather bureau.

2. Plaintiff's counsel argues that an official weather bureau reading is not required when the game is abandoned because of rain (clause 1), but is required when the rain is only slight (clause 2), for the reason, he says, that in the first instance, a complete abandonment of the game is so open and notorious that anyone can tell about it; but to ascertain if one-one-hundredth of an inch of rain or more has fallen, requires more exact and scientific measurement; hence the weather bureau is to be called upon, and so, it is said, the certificate is conclusive in the latter instance only. It is further argued that the patrons of the game come from the city and the best evidence of diminished attendance is the report of the gauge at the weather bureau in the city.

3. The above appears to be a rational and logical explanation of the language employed by the insurance company, and a good reason why it provided by contract that there shall be a reading of the rain gauge at the weather bureau, without requiring a second gauge at the ball park. But whatever the reasons of the parties were, our decision is based solely upon what the contract itself says. It provides for only one rain gauge, and that is at the weather bureau, but if defendant is correct in its interpretation, there would have to be two gauges, one at the weather bureau, which is particularly named in the agreement, and another at the ball park, the only authority for which is found in defendant's argument. We are unable to recognize the latter, and are not at liberty to insert a clause in the agreement that the parties themselves did not put there.

4. If there is any ambiguity, it should be resolved in favor of the assured. *Norwich Union Fire Ins. Co. v. Rayor,* 70 Colo. 290, 295, 201 Pac. 50, and cases there cited. This is merely another way of applying the com-

mon rule of interpretation of a contract, that it is to be construed most strongly against the party that prepared it. *Guarantee Co. v. Mechanic's Savings Bank & Trust Co.,* 183 U. S.' 402, 419, 22 Sup. Ct. 124, 4 L. Ed. 253. In the instant case, however, the language of the agreement is unambiguous.

5. Counsel for defendant cites cases which he believes sustain his contention that the parties may make a binding agreement as to the conclusive character of the certificate of the weather bureau concerning the time and amount of rainfall at the point of observation. Whether such right existed or not is immaterial in the absence of its applicability here, always keeping before us the two separate places in Oklahoma City that the parties had in mind, as their agreement shows, one place being where the game was to have been played, and the other place being situated at the weather bureau. None of the cases cited are authority for the proposition that a certificate that it did not rain in one place is to be taken as conclusive that it did not rain elsewhere, even in the same city. This does not reflect upon the well known efficiency of an important branch of the United States Agricultural Department. That such opposite climatological conditions often obtain at the same hour in the same city is recognized by the department itself, and is a matter of universal knowledge.

It needs no judicial pronouncement to establish the fact that remarks upon the state of the weather are a common form of friendly salutation, and the most fruitful and unending source of polite conversation thus far invented. It seldom if ever lends itself to any serious difference of opinion. What we are most interested in here is whether the rain at the ball park caused the total abandonment of the game, as alleged by plaintiff. The evidence is convincing that it did.

Judgment affirmed.

Mr. Chief Justice Burke, Mr. Justice Butler and Mr. Justice Campbell concur.