ABRAHAM MANLEY, PLAINTIFF-RESPONDENT, v. EAGLE STAR INSURANCE COMPANY, LTD., DEFENDANT-APPELLANT.

Argued October 7, 1941—Decided December 1, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *Bilder, Bilder & Kaufman* and *Sanford Freedman.*

For the respondent, *Jerome L. Kessler* and *Mortimer Eisner.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Second District Court of the City of Newark in a suit on a policy of rain insurance issued by the defendant-appellant to the plaintiff-respondent.

Plaintiff was the operator of a baseball club which was scheduled to play a game at Ruppert Stadium, Newark, on the evening of August 6th, 1940. He applied to the defendant for a policy of rain insurance and it was issued. The policy was in the amount of $500 and provided in part:

"It is the intent of this insurance to indemnify the insured against loss by rainfall incidental to the baseball game to be held at Ruppert Stadium, Newark, New Jersey, subject to the following conditions.

"In the event of one-tenth of an inch or more of rainfall as recorded at Newark Airport, Newark, New Jersey by Newark Airport, Newark, New Jersey, during the period of time hereinafter specified under any one item, this company shall be liable, except as otherwise provided, for the full amount of insurance specified for such item, such liability however, not to exceed the amount of insurance provided for such item, nor more than:

"1. One hundred per cent. (100%) of the net expenses incurred by the insured for such day and for such event."

The period of time specified to be covered by the policy was August 6th, 1940, between 7 P. M. and 10 P. M. Daylight Time. The policy further provided:

"It is a condition of this insurance that:

"1. The insured shall arrange with the above observer for obtaining a rainfall reading with a rain gauge during the period of time hereinbefore specified, in which the measure of rainfall shall be determined, and shall, on demand of this company, furnish a certified record of same. Any expense incidental to the reading shall be borne by the insured.

"2. This company shall not be liable for any loss caused by rainfall at any other place or time."

The state of case as settled by the court discloses that the wife of the plaintiff, who was business manager of the club, testified that it rained on the night in question to such an extent that postponement of the game was necessary. She testified that the expenses incident to the postponement were in excess of the amount of the policy. The ground keeper and the manager of the stadium testified to rain on the night of August 6th at the stadium. There was a shower at seven, followed by a slight drizzle and another heavy shower at eight o'clock.

The plaintiff offered no proof of the amount of rain at the Newark Airport but produced a witness who was a trained weather observer and who testified to observations made on

the night in question on the roof of a department store building in Newark where he measured the rainfall during the hours in question as .22 inches, which was more than the fall required to make the policy operative. This testimony was objected to on the ground that it was irrelevant, incompetent and immaterial in view of the provision of the policy calling for the measuring of the amount of the fall of rain at the airport, and an exception was allowed to its admission.

The defendant produced the meteorologist in charge of the Newark Weather Bureau who testified from the records of that Bureau that the rainfall on the evening of August 6th, between seven and nine o'clock as measured at the airport was .07 inches, which was less than the required amount. He did not make the observation himself, but no objection to his testimony was made on this ground. On cross-examination he testified to a difference in the types of gauge used on these measurements and admitted the possibility of error in the Weather Bureau readings.

On re-direct examination, the plaintiff's expert testified that the type of gauge he used is more accurate and testified further that on the night in question general weather conditions prevailed and that calculations based upon readings for general weather usually apply to a radius of from twenty to twenty-five miles.

In this state of the proofs the court gave judgment for the plaintiff in the sum of $500. We find it necessary to consider only one of the questions raised on this appeal because we are of the opinion that it was error not to give judgment for the defendant in the circumstances.

As we construe this contract of insurance two things must have occurred to make the defendant liable. First, there must have been loss to the plaintiff incidental to the baseball game and caused by rainfall. That element was proved, it being testified and not denied that rain fell at the stadium and the game could not be played, with resulting loss of expenses paid out. The other element necessary to be shown was the amount of rainfall as measured at the place selected by the parties to the contract, namely, the Newark Airport. Plaintiff produced no proof of this but defendant offered testimony

to the effect that only .07 inches fell at this point. This testimony is attacked because of the method of measurement, the possibility of error and the contradictory reading at the department store some two miles away. But no question of fact could arise from the testimony. There is no evidence which would justify a trier of the facts in finding that the rainfall at the airport was one-tenth of an inch or more. The readings were to the contrary and the other observations were taken two miles away. The parties selected the spot at which the rainfall was to control and it was incumbent upon the plaintiff to produce evidence that the rainfall at that point amounted to one-tenth of an inch. The contract put upon him the obligation to see that a measurement was made and to furnish the defendant a certified copy thereof on demand.

The case of *Denver Western Baseball Club* v. *Home Insurance Co., 82 Colo.* 86; *257 Pac. Rep.* 265, cited in the briefs of both appellant and respondent, differs from the one under consideration. In that case the liability of the insurance company was absolute in case of postponement of the game because of rain, without regard to the amount of fall, and the clause providing for measurement at a specified place applied only to coverage for loss due to diminished attendance resulting from rain if the game were not postponed. The policy here insured only against loss of expenses, but might have been operative if the game had been played and total admissions had been less than expenses, in the event the required rainfall occurred at the specified place of measurement.

At any rate, we conclude that the plain language of the policy requires a construction that the plaintiff could not recover unless he produced competent evidence that the rainfall at the Newark Airport during the hours in question exceeded one-tenth of an inch. This he did not do and it was error, therefore, to give him judgment.

The judgment under review will be reversed.