601 P.2d 657 (1979)
Richard and Peggy LOWDER, Husband and Wife, Plaintiffs-Appellees,
v.
TINA MARIE HOMES, INC., a Colorado Corporation, Defendant-Appellant.
No. 78-437.
Colorado Court of Appeals, Div. III.
September 13, 1979.
*658 Norton Frickey & Associates, Dan W. Corson, Denver, for plaintiffs-appellees.
Louis A. Morrone, Denver, for defendant-appellant.
KELLY, Judge.
Tina Marie Homes appeals the trial court's award of damages in an action by Richard and Peggy Lowder for private nuisance. Tina Marie contends that the trial court erred in finding that its conduct amounted to intentional private nuisance interfering with the Lowders' use and enjoyment of their property. It further argues that the trial court erred in taking judicial notice of the velocity of the wind in Boulder County, and that the damages awarded by the trial court were excessive. We affirm.
The Lowders owned property immediately to the east of a vacant lot owned by Tina Marie Homes. In September 1973, the vacant lot was scraped and leveled with heavy machinery, a process which removed all of the vegetation and left the soil in a loose and sandy condition. Beginning in January 1974, and continuing through March 1975, a series of heavy windstorms caused a substantial amount of soil to be blown from Tina Marie's vacant lot causing high drifts of dirt to be deposited on the Lowders' property.
In making its findings, the trial court took judicial notice of the high winds in Boulder County occurring from October through March. The court found that the wind-blown dirt unreasonably interfered with the Lowders' use and enjoyment of their property and caused them damage in the form of removal costs, loss of enjoyment, and annoyance, inconvenience, and discomfort. The court also found that Tina Marie intentionally caused the scraping of the property to be accomplished, that the injury was foreseeable, and that Tina Marie should have known the consequences to follow. The court concluded that Tina Marie's conduct constituted a private nuisance.
In a private nuisance action, the plaintiff must establish that the defendant unreasonably interfered with the use and enjoyment of his property. Miller v. Carnation Co., 33 Colo.App. 62, 516 P.2d 661 (1973). Additionally, the interference which occurs must be substantial in nature in that it would be offensive or cause inconvenience or annoyance to a reasonable person in the community. Northwest Water Corp. v. Pennetta, 29 Colo.App. 1, 479 P.2d 398 (1970).
Liability for nuisance may rest upon any one of three types of conduct: an intentional invasion of a person's interest; a negligent invasion of a person's interest; or, conduct so dangerous to life or property and so abnormal or out-of-place in its surroundings as to fall within the principles of strict liability. Baughman v. Cosler, 169 Colo. 534, 459 P.2d 294 (1969). Tina Marie argues that the trial court found that its conduct constituted an intentional invasion of the plaintiffs' interests and rejected the remaining two theories of nuisance. We disagree.
The trial court held that the defendant's conduct was "intentional in that they caused the scraping of their property to be accomplished, and they should have known the consequences to follow from that scraping." The court did not find, however, that the defendant intentionally interfered with the plaintiffs' interests, but rather, that the defendant should have known the consequences to follow from the intentional scraping of its land. Thus, the court predicated liability on a negligence theory of nuisance arising out of a failure to take precautions against a risk apparent to a reasonable person. See W. Prosser, Torts § 87 (4th ed.).
Tina Marie further argues that the consequences of the action of the scraping *659 of the topsoil were not foreseeable at the time the scraping occurred. The trial court found otherwise, and its finding of fact will not be disturbed on review unless manifestly erroneous. Broncucia v. McGee, 173 Colo. 22, 475 P.2d 336 (1970). Under the circumstances of this case, it is possible to conclude that a reasonably prudent person would have anticipated that injury might result from the scraping of the topsoil. See Colo.J.I. 9:28.
Tina Marie argues further that the trial court erred in taking judicial notice of the wind velocity in Boulder. Trial courts may take judicial notice of facts within the common knowledge of an interested public. Four-County Metropolitan Capital Improvement District v. Board of County Commissioners, 149 Colo. 284, 369 P.2d 67 (1962). Climatological conditions are an appropriate subject for judicial notice. Home Insurance Co. v. Denver Western Baseball Co., 82 Colo. 86, 257 P. 265 (1927).
Our review of the record does not support the defendant's argument that there was insufficient evidence to sustain the trial court's award of damages. There is testimony in the record regarding each item of the award, and the determination of the amount of the damages was, therefore, for the fact-finder. Meiter v. Cavanaugh, 40 Colo.App. 454, 580 P.2d 399 (1978).
We have considered the defendant's remaining argument and find it to be without merit.
Judgment affirmed.
RULAND and BERMAN, JJ., concur.