**Merilyn COOK, William Jr. and Delores Schierkolk, Richard and Sally Bartlett and Lorren and Gertrude Babb, Bank Western, a federal savings bank, a federally chartered savings bank, and Field Savings Corporation, a Colorado corporation, on their own behalf and as representatives of a class of persons and entities suffering economic harm; and Michael Dean Rice, Thomas L. and Rhonda J. Deimer, and Stephen M. and Peggy J. Sandoval, on their own behalf and as representatives of a class of similarly situated residents and workers, Plaintiffs,**

v.

**ROCKWELL INTERNATIONAL CORPORATION, a Delaware corporation, and the Dow Chemical Company, a Delaware corporation, Defendants.**

Civ. A. No. 90–B–181.

United States District Court, D. Colorado.

Nov. 26, 1991.

Bruce H. DeBoskey, Steven W. Kelly, Silver & DeBoskey, P.C., Denver, Colo., Ronald Simon, David Elbaor, Richard J. Fiesta, Connerton, Ray and Simon, Washington, D.C., Merrill Davidoff, David Berger, Peter B. Nordberg, John R. Taylor, Berger & Montague, P.C., Philadelphia, Pa., Robert Golten, Fredericks & Pelcyger, Boulder, Colo., Stanley M. Chesley, Waite, Schneider, Bayless, & Chesley Co., L.P.A., Cincinnati, Ohio, for plaintiffs.

Mark S. Lillie, John A. DeSisto, Kirkland & Ellis, Denver, Colo., David M. Bernick, Kevin T. Van Wart, Kirkland & Ellis, Chicago, Ill., Sidney Rooks, The Dow Chemical Co., Midland, Mich., for defendant Dow Chemical Co.

Joseph J. Bronesky, Christopher Lane, Sherman & Howard, Denver, Colo., John D. Aldock, James R. Bird, Michael S. Giannotto, Franklin D. Kramer, Timothy P. Brooks, Shea & Gardner, Washington, D.C., for defendant Rockwell Intern. Corp.

**514**

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiffs are individuals who own land near the Rocky Flats Nuclear Weapons Plant (Rocky Flats) and two banks, Bank Western and Field Savings Corporation (collectively, the Banks), that hold security interests on land near Rocky Flats. Defendants Rockwell International Corporation (Rockwell) and Dow Chemical Company (Dow) are former operators of the plant. Plaintiffs seek to recover: (1) "response costs" under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607; (2) damages under the Price–Anderson Act, 42 U.S.C. §§ 2211–2284; and (3) damages for Colorado common law torts with jurisdiction based on diversity. The claims under the Price Anderson Act and Colorado common law are identical.

Rockwell moves to dismiss and/or strike: (1) plaintiffs' claim for "retrospective and prospective population based health surveys"; (2) plaintiffs' request for medical monitoring "injunctive relief"; and (3) the Banks' claims for violations of the Price Anderson Act and Colorado common law. The matter is adequately briefed and oral argument will not materially assist me. For the reasons stated below, I grant the motion to dismiss the Banks' trespass claims and deny the remainder of the motion.

### I. STANDARD

For the purposes of a motion to dismiss, I accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. *Tri–Crown, Inc. v. American Fed. Sav. & Loan, Ass'n*, 908 F.2d 578, 582 (10th Cir.1990). "A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that the plaintiff can prove no set of facts which entitle him to relief." *Id.*

### II. ANALYSIS

A. *Population–Based Health Studies*

In an earlier preceding in this case, I stated:

Although Colorado has yet to do so, I conclude that the Colorado Supreme Court would probably recognize, in an appropriate case, a tort claim for medical monitoring.

. . . .

Even assuming that the Colorado Supreme Court would recognize a tort claim for individualized medical monitoring, I do not believe that the Colorado Supreme Court would recognize as cognizable plaintiffs' claim for generalized scientific studies.

A medical monitoring claim compensates a plaintiff for diagnostic treatment, a tangible and quantifiable item of damage caused by a defendant's tortious conduct. Such relief is akin to future medical expenses. The claim does not compensate a plaintiff for testing others to determine the odds that a particular person might contract a disease. . . .

Plaintiffs have cited no authority for their common law claims to recover the costs of generalized scientific studies. I discern no basis for such a claim. Thus, I hold that the scientific studies requested by plaintiffs here are not recoverable under a medical monitoring cause of action. Accordingly, Rockwell's motion to dismiss the portions of the complaint that seek such studies will be granted.

*Cook v. Rockwell Int'l Corp.*, 755 F.Supp. 1468, 1477–78 (D.Colo.1991).

■■■ I reaffirm my holding that generalized population based scientific studies are not cognizable in a medical monitoring cause of action. However, plaintiffs, in their brief, profess that "the population-based health surveys sought in the Amended Complaint are limited to *specific individuals for whom medical testing and screening will be furnished.*" Plaintiffs' Memorandum in Opposition at 6 (emphasis in original). What plaintiffs apparently seek are funds to pool the data derived from the medical tests *of the exposed plaintiffs.*

Assuming, as I must at this juncture, that pooling the results of these diagnostic medical examinations is reasonably necessary to detect the onset of disease, I conclude that this relief is cognizable in a medical monitoring cause of action. Pooling the examination results is a reasonable complement to normal diagnostic testing that furthers the objective behind the tort—to assure the early diagnosis of a latent disease.

### B. *Injunctive Relief*

■ For relief on their medical monitoring claim, plaintiffs seek a fund to finance medical monitoring services. Second Amended Complaint Prayer for Relief ¶ b. "If and to the extent that complete medical surveillance relief is unavailable at law," plaintiffs seek "medical monitoring and surveillance services in the form of injunctive relief." Second Amended Complaint Prayer for Relief ¶ c. Rockwell moves to dismiss the claim for "injunctive relief" for two reasons. First, Rockwell argues that this request for relief was not contained in the first amended complaint and leave to amend the complaint in this fashion was not granted. I disagree because the first amended complaint, liberally construed, states an equitable claim for medical monitoring relief.

Second, Rockwell argues that dismissal is appropriate because a medical monitoring claim is not cognizable as "injunctive relief." I conclude that dismissal of this claim is not appropriate.

Plaintiffs' relief in a medical monitoring claim can take two forms. First, plaintiffs can be awarded a lump sum of money. Second, plaintiffs can be awarded a lump sum which is placed into a fund that is administered by the court. *See, e.g., Ayers v. Township of Jackson,* 106 N.J. 557, 525 A.2d 287, 313–14 (1987). I construe plaintiffs' Prayer for Relief ¶ c as a request for a court administered fund. Construed as such, plaintiffs state a valid claim for relief. *See, e.g., id.*

However, while acknowledging that a court administered fund involves use of the court's equitable power, Rockwell argues that a claim for such a fund is not one for "injunctive relief" that can provide the basis for class certification under Federal Rule of Civil Procedure 23(b)(2). That question is not ripe for decision.

### C. *The Banks' Tort Claims*

The Banks allege the following claims under the Price Anderson Act and Colorado common law: negligence, strict or absolute liability, private nuisance, trespass, and exemplary damages. Rockwell moves to dismiss these claims, arguing that, as mortgagees, the Banks have no claim upon which relief can be granted. I conclude that the Banks' trespass claims must be dismissed and that the Banks' remaining tort claims are cognizable.

■ The Banks' trespass claims must be dismissed because, in Colorado, one must have either title to or possession of property to maintain an action for trespass. *Sullivan v. Clements,* 1 Colo. 261 (1871); *Plotkin v. Club Valencia Condominium Ass'n,* 717 P.2d 1027, 1028 (Colo.App.1986). Thus, when a mortgagee is not in possession of the land, "an action of trespass [can]not be maintained." *Vaughn v. Grigsby,* 8 Colo.App. 373, 46 P. 624, 625 (1896); *see also Pueblo & A.V.R. Co. v. Beshoas,* 5 P. 639 (Colo.1884). Because the Banks do not allege that they are in possession of the land, I grant Rockwell's motion to dismiss their trespass claims. Although Dow has not joined in Rockwell's motion, I conclude that the Banks' trespass claims against Dow should be dismissed for the same reason. *See Hall v. Bellmon,* 935 F.2d 1106, 1109–10 (10th Cir.1991) (allowing for *sua sponte* dismissal).

■ Except for the trespass claims, the Banks' tort claims are cognizable. In Colorado, "a suit may be maintained by a mortgagee, or a beneficiary in a trust deed, for an injury done to his security. He need not have possession or right to possession of the land. His right of action grows out of the impairment of his security." *Vaughn,* 46 P. at 625; *see also Equitable Sec. Co.*

*v. Montrose & D. Canal Co.*, 20 Colo.App. 465, 79 P. 747 (1905) (mortgagee allowed to bring suit for impairment of its security before foreclosure); *Arnold v. Broad*, 15 Colo.App. 389, 62 P. 577 (1900) (mortgagee allowed to bring claim "on the general hypothesis that he may bring suit and recovery damages wherever there has been an unlawful impairment of his security"). I conclude that under *Vaughn* and its progeny, the Banks' remaining tort claims are cognizable.

Rockwell argues that a plaintiff must have either an ownership or possessory interest in the real property to state a claim for nuisance. I disagree. Unlike trespass, a nuisance claim does not require ownership or possession of land to state a valid claim. Rather, as long as the plaintiff has a sufficient interest in the land, it may bring an action for nuisance even if it is not the owner or possessor of the land. *See* Restatement (Second) of Torts § 821E(c) (1979). In Colorado, a mortgagee has a sufficient interest in mortgaged property to sue for "an injury done to its security." *See Vaughn*, 46 P. at 625. It follows that a mortgagee has a sufficient interest in the property to maintain suit if the injury was caused by defendants' nuisance. Rockwell's reliance on *Miller v. Carnation Co.*, 39 Colo.App. 1, 564 P.2d 127, 130 (1977) and *Lowder v. Tina Marie Homes, Inc.*, 43 Colo.App. 225, 601 P.2d 657, 658 (1979), is misplaced because neither concerned whether the holder of a security interest in real property could bring an action for nuisance. Rather, both of these cases were nuisance actions brought by the owner or occupier of real property.

Rockwell next argues that the Banks' tort claims are barred by the "economic loss rule." In Colorado, "th[e] economic loss rule prevents recovery for negligence when the duty breached is a contractual duty and the harm incurred is the result of failure of the purpose of the contract." *Jardel Enters., Inc. v. Triconsultants, Inc.*, 770 P.2d 1301, 1303 (Colo.App.1988). Rockwell argues that I should extend this doctrine outside of the contractual duty

context to bar all of the Banks' tort claims. Because such an extension is inconsistent with *Vaughn* and its progeny, which allow a mortgagee to recover for injury to its security, I decline to extend the economic loss rule to bar the Banks' claims. *Cf. Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 641–43 (10th Cir.1991).

Finally, Rockwell argues that dismissal is appropriate because it is vulnerable to double recovery. This argument is without merit because there is no risk of double recovery. Rather, damages will be apportioned according to Colorado law. *See Arnold*, 62 P. at 578.

Accordingly, it is ORDERED THAT:

(1) Rockwell's Motion to Dismiss and/or Strike is GRANTED IN PART AND DENIED IN PART; and

(2) the trespass claims of plaintiffs Bank Western and Field Savings Corporation are dismissed.