24091

Russell E. BROOKS, Appellant v. COUNCIL OF CO-OWNERS OF STONES THROW HORIZONTAL PROPERTY REGIME I, Respondent.

(445 S.E. (2d) 630)

Supreme Court

---

*George E. Mullen* and *Thomas E. Williams,* Hilton Head, *for respondent.*

Heard April 19, 1994.

Decided June 13, 1994.

HARWELL, Chief Justice:

Russell E. Brooks (Buyer) argues that the trial judge erred in holding that as the purchaser of real estate pursuant to an

executory contract, he may not maintain an action for nuisance. We agree and reverse.

## I. *Facts*

In 1982, Buyer contracted to purchase a condominium on Hilton Head Island from his brother and sister-in-law, Robert N. Brooks and Charlotte E. Brooks (Sellers). Pursuant to the contract, Buyer gave Sellers a down payment and a note for the balance of the purchase price. Simultaneously, Sellers executed a deed and placed it in escrow to be delivered to Buyer upon payment of the full purchase price. Buyer took possession pursuant to the contract, and was entitled to all rents and profits from the condominium.

From 1983 to 1988, the condominium flooded several times during heavy rainstorms. Thereafter, Buyer commenced this action against the Council of Co-Owners of stones Throw Horizontal Property Regime I (Management) seeking injunctive relief and damages for Management's alleged failure to prevent the flow of water from entering Buyer's unit and for Management's diversion of water from other villas and common elements onto Buyer's unit. Management answered and filed a motion for summary judgment claiming that Buyer was not the real party in interest to the action because under his contract for sale, he was not the owner of equitable or legal title at the time of the flooding. The trial judge granted summary judgment and Buyer appealed.

## II. *Discussion*

Buyer first contends that the trial judge erred in finding that he is not the equitable owner of the condominium. We disagree.

The theory of equitable conversion provides that under an executory contract for the sale of real estate, the equitable estate passes to the purchaser and the bare legal title for security purposes remains in the vendor. 8A George W. Thompson, *Commentaries on the Modern Law of Real Property* § 4447 (1963). The doctrine of equitable conversion, however, does not apply when equitable considerations intervene or the parties intend otherwise. *Eade v. Brownlee,* 29 Ill. (2d) 214, 193 N.E. (2d) 786 (1963). Here, the purchase agreement provides:

### 23. INTENTION OF THE PARTIES

This Agreement is, and is intended to be, an executory contract for the sale of real estate, and except for the lien created in favor of Buyer herein, *shall not be construed as passing or having passed ownership, title or interest in the subject premises, either legal or equitable,* until the closing of title as herein provided. (Emphasis added.)

Under Connecticut law,[1] the intention of the parties as determined from the language of the contract controls the construction of a contract. *Albert Mendel and Son, Inc. v. Krogh,* 4 Conn. App. 117, 492 A. (2d) 536 (1985). Paragraph 23 clearly shows that it was the intention of the parties that no equitable conversion would be made. Accordingly, we find that the trial judge did not err in finding that Buyer was not the equitable owner of the condominium.

Buyer next contends that even if he is not the equitable owner of the property, his interest in possession, rents, and profits from the condominium entitles him to bring an action for nuisance. We agree.

The tendency of the American courts is to break away from the early common law, which required a plaintiff in a writ of nuisance action to own a freehold estate in the premises. *Klassen v. Central Kansas Coop. Creamery Ass'n,* 160 Kan. 697, 165 P. (2d) 601 (1946). The modern trend does not require ownership or possession of land to state a valid nuisance claim. *Cook v. Rockwell Int'l Corp.,* 778 F. Supp. 512 (D. Colo. 1991). Rather, any person who has a sufficient interest in the land may bring a nuisance action. *Id.* However, recovery is limited to the extent of his specific interest. W. Page Keeton et al., *Prosser and Keeton on the Law of Torts* § 87 at 621 (5th Ed. 1984).

Here, Buyer was entitled to possession and all rents and profits as of the contract date. We find that these interests in the land are sufficient to bring a nuisance action. Accordingly, the trial judge erred in finding that Buyer could not bring this action because he was not the real party in interest.

Buyer also contends that the trial judge erred in granting summary judgment under the doctrine of "coming to the nui-

---

[1] The Agreement provides that it "shall be interpreted and enforced, in both law and equity, according to the law of the State of Connecticut."

sance" because Buyer knew that the condominium had flooded prior this purchase. We agree.

In South Carolina, the fact that a person voluntarily comes to a nuisance by purchasing property after the nuisance is created does not bar him from recovering damages for injuries sustained therefrom or deprive him of the right to enjoin its maintenance. *Carter v. Lake City Baseball Club, Inc.*, 218 S.C. 255, 62 S.E. (2d) 470 (1950). *See also Conestee Mills v. City of Greenville*, 160 S.C. 10, 158 S.E. 113 (1931) (one who purchases land burdened by a nuisance will have a right of action for damages for successive injuries caused by the negligent operation of the enterprise). Accordingly, we hold that the trial judge erred in granting summary judgment on the ground that Buyer was barred under the doctrine of "coming to the nuisance."[2]

Based on our holding, we need not address Buyer's remaining arguments. The order of the trial judge is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

---

[2]Moreover, we find no evidence in the record that Buyer had knowledge of the flooding prior to his purchase. In his deposition, Buyer specifically denied prior knowledge of flooding. Viewing the evidence in the light most favorable to Buyer, we find that the trial judge erred in holding Buyer knew the condominium had flooded at the time he purchased the condominium. *See Cafe Associates, Ltd. v. Gerngross*, 305 S.C. 6, 406 S.E. (2d) 162 (1991) (in ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the non-moving party).