Sigmund FRIED, et al.

v.

SUNGARD RECOVERY SERVICES, INC., et al.

No. 95–CV–0878.

United States District Court, E.D. Pennsylvania.

May 2, 1996.

---

Mark R. Cuker, Steven M. Schain, Williams & Cuker, Philadelphia, PA, for Plaintiffs.

Roger F. Cox, Kenneth N. Klass, Jordana Cooper, Blank, Rome, Comisky & McCauley, Philadelphia, PA, for Sungard, Dibrino, and Mulholland.

John P. McShea, III, Eckert Seamans Cherin & Mellott, Philadelphia, PA, for Intech Corp.

## MEMORANDUM

JOYNER, District Judge.

Defendant Intech Construction, Inc. moves this Court for an order striking the jury demand found in Plaintiffs' Second Amended Complaint. Intech argues that the medical monitoring relief Plaintiffs seek is equitable in nature, and that therefore, Plaintiffs have no right to have a jury resolve this claim. Due to previous rulings, Plaintiff Sigmund Fried is the only Plaintiff who has a claim for medical monitoring against Intech; however, we will address this issue as coming from all Plaintiffs, whether named or in the purported class.

The Seventh Amendment provides that "[i]n suits at common law where the value in controversy shall exceed twenty dollars, the right to trial by jury shall be preserved." U.S. Const. amend. VII. It is well settled that this means that parties are only entitled to jury trials on claims seeking legal relief, not claims based on equity. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990). When new causes of action or claims for relief are created, courts must determine whether the new action is legal or equitable. First, courts compare the new action to actions that existed at the time the Seventh Amendment was drafted. If there is an equivalent action, the new action may be considered whatever the old action was. Second, and more importantly, courts look at the remedy sought and determine whether it is more legal or equitable in nature. *Id.* at 565, 110 S.Ct. at 1344.

Intech contends that Plaintiffs' claim for medical monitoring is a new action for which there is no 18th century analogue. Given that, it looks at the relief requested. It describes Plaintiffs' claim as one involving elements of restitution and constructive trust, both of which are equitable remedies. In support, Intech asserts that most courts that have addressed the issue have viewed claims for medical monitoring as claims call-

ing on a court's equitable powers. In defense, Intech contends that in those circumstances when courts have submitted these claims to a jury, there is no indication that the jury will be permitted to determine the form the remedy should take, as opposed to simply finding whether the plaintiff is entitled to relief. *See e.g. In re Copley Pharm., Inc.*, 161 F.R.D. 456, 469 (D.Wyo.1995) (plaintiffs characterized relief as equitable); *Barth v. Firestone Tire & Rubber Co.*, 673 F.Supp. 1466, 1477 (N.D.Cal.1987) (plaintiffs sought creation of fund, an equitable claim); *Hansen v. Mountain Fuel Supply Co.*, 858 P.2d 970 (Utah 1993) (medical monitoring award within court's equity); *Burns v. Jaquays Mining Corp.*, 156 Ariz. 375, 752 P.2d 28, 34 (App.1987) (court-ordered fund); *Ayers v. Jackson Township*, 106 N.J. 557, 525 A.2d 287 (1987) (future courts should create court-administered funds in mass exposure cases); *Habitants Against Landfill Toxicants v. City of York*, 15 Envtl.L.Rep. 20,937, 1985 WL 19991 (Pa. York Cty. May 20, 1985) (plaintiffs sought fund).

Plaintiffs disagree with Intech's characterization of their claim. They contend that medical monitoring does have an 18th century analogue in that personal injury plaintiffs have traditionally been awarded damages to compensate them for future medical expenses. They assert that their claim for medical monitoring is an assertion that it is medically necessary that they be periodically examined and as such, the monitoring is just another kind of future medical expense.

Plaintiffs' argument that their claim is legal, is based on the idea that a plaintiff can seek medical monitoring expenses in one of two ways. The plaintiffs can either seek to establish a fund to compensate them, or they can seek a lump sum disbursement. The first request, Plaintiffs concede, seeks equitable relief. The second, though, and the one these Plaintiffs seek, demands legal relief. There is at least one court that has made this exact distinction. *Cook v. Rockwell Int'l Corp.*, 778 F.Supp. 512, 515 (D.Colo.1991). Plaintiffs use this logic to distinguish Intech's cases and they cite several of their own to support a ruling that they seek legal relief. *See e.g. In re Paoli R.R. Yard Litig.*, 35 F.3d 717 (3d Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1253, 131 L.Ed.2d 134 (1995) (describes jury as deciding whether plaintiffs need medical monitoring); *In re Paoli R.R. Yard Litig.*, 916 F.2d 829 (3d Cir.1990), *cert. denied*, 499 U.S. 961, 113 L.Ed.2d 649 (1991) (same); *Hagerty v. L & L Marine Servs., Inc.*, 788 F.2d 315, 319, *reh'g. denied*, 797 F.2d 256 (5th Cir.1986) (future medical expenses are a traditional legal remedy); *Herber v. Johns–Manville Corp.*, 785 F.2d 79 (3d Cir.1986) (jury decides whether medical monitoring needed); *Merry v. Westinghouse Elec. Corp.*, 684 F.Supp. 847, 852 (M.D.Pa. 1988) (same); *Villari v. Terminix Int'l, Inc.*, 663 F.Supp. 727, 735 (E.D.Pa.1987) (plaintiffs' "request for such equitable relief [a constructive trust] is properly understood as a request for damages for future medical monitoring" and so sends issue to jury).

■ We have conducted a careful review of the relevant case-law and the principles behind the legal and equitable differences. It appears as though this precise issue has not been resolved in any reported opinion. *See In re Paoli R.R. Yard Litig.*, No. 86–2229, Order (E.D.Pa. Oct. 2, 1995) (ordering, with no discussion, that claims for medical monitoring will go to jury, but that court "will remain free to structure any subsequent remedy"). Based on our review, we conclude that Plaintiffs' claim for medical monitoring is a claim for legal damages in the form of future medical payments.

■ Under the medical monitoring case-law, a plaintiff will only be entitled to medical monitoring if he or she can prove, "through reliable expert testimony," that "surveillance to monitor the effects of exposure to toxic chemicals is reasonable and necessary." *Burns*, 752 P.2d at 33. If a plaintiff can make such a showing, those future medical expenses are simply compensatory damages like any other medical expenses. Our finding would have been different had plaintiffs sought the creation of a fund. The plaintiffs did not seek such relief, however.

■ Accordingly, at a minimum, the question of whether Plaintiffs, although in reality, just Fried, are entitled to medical monitoring will be submitted to the jury. We follow the

lead of Judge Kelly, however, and reserve the power to structure any subsequent remedy, if necessary.[1]

An appropriate Order follows.

---

**1.** We do not address Intech's argument that this Court should rule that Plaintiffs' only remedy is in the form of a Court-administered fund. We find that this issue is not ripe, and will not be until a fact-finder has determined that Plaintiffs are entitled to medical monitoring, if at all.