Mark and Erica VAN WYK, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

PUBLIC SERVICE COMPANY OF COLORADO, a Colorado corporation, Defendant–Appellee.

No. 98CA2102.

Colorado Court of Appeals,
Div. III.

June 24, 1999.

Rehearing Denied Sept. 9, 1999.

Certiorari Granted April 10, 2000.

McGihon & Leffert, P.C., Anthony L. Leffert, James X. Quinn, Denver, Colorado, for Plaintiffs–Appellants.

Elzi & Gurr, Kathryn A. Elzi; New Century Energies, Lisa A. Lett, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

Plaintiffs, Mark and Erica Van Wyk, on behalf of themselves and all others similarly situated, appeal the dismissal of their action against defendant, Public Service Company of Colorado (PSCo), for failure to state a claim upon which relief can be granted. We affirm in part, reverse in part, and remand for further proceedings.

In 1989, PSCo filed an application with the Public Utilities Commission (PUC) to upgrade the Daniels Park Electrical Transmission Line (Daniels Park Line) located in Douglas County from 115 kilovolts (kV) to 230kV. Following a hearing, the PUC granted PSCo's application subject to certain conditions not pertinent here.

The PUC's decision was ultimately approved by the supreme court. *See Douglas County Board of Commissioners v. Public Utilities Commission,* 829 P.2d 1303 (Colo.1992)(approving the upgrade and remanding the cause for further findings). In a subsequent appeal by Douglas County, the supreme court again approved the PUC's decision. *See Douglas County Board of Commissioners v. Public Utilities Commission,* 866 P.2d 919 (Colo.1994). Plaintiffs were not parties to either of these decisions.

In October 1997, the upgrade to 230kV was completed and the lines were energized. Subsequently, plaintiffs filed this action alleging the following four claims for relief: 1) inverse condemnation/unlawful taking; 2) trespass; 3) nuisance; and 4) negligence.

According to their complaint, plaintiffs' claims are typical of all property owners who own property adjacent to the electrical line or within 300 feet of it. Plaintiffs allege that, when the lines became fully energized, the property owners immediately noticed continued and unreasonably loud electrical noises coming from the power lines. During times of high humidity, including rain or snow, the electrical noise allegedly intensifies and becomes much louder. They also allege upon information and belief that the power line emits a high amount of radiation and that the electromagnetic field created by the power line encroaches upon the property owners' land.

PSCo moved to dismiss pursuant to C.R.C.P. 12(b)(5) for failure to state a claim upon which relief could be granted. The judgment entered granting that dismissal is the subject of this appeal.

I.

Plaintiffs contend that the trial court erred in determining that the PUC's approval of the upgrade of the Daniels Park Line precluded them from asserting claims for inverse condemnation, trespass, and nuisance. We agree that PUC approval is not dispositive.

■ The purpose of a motion under C.R.C.P. 12(b)(5) to dismiss a complaint for failure to state a claim upon which relief can be granted is to test the formal sufficiency of the complaint. Hence, in evaluating a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true and the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909 (Colo.1996).

■ C.R.C.P. 12(b)(5) motions to dismiss a complaint are viewed with disfavor, and a complaint is not to be dismissed unless it appears beyond doubt that the plaintiff cannot prove facts in support of the claim that would entitle the plaintiff to relief. In evaluating such motions, trial courts and appellate courts apply the same standards. *Dorman v. Petrol Aspen, Inc., supra.*

Here, in granting the dismissal, the trial court concluded plaintiffs' complaint sought to relitigate the decision of the PUC in the context of a civil damage lawsuit. It found that, if plaintiffs were to prevail at trial, the decision of the PUC that the upgrade was reasonable would be negated. This result, according to the trial court, would erode, if not destroy, the constitutional authority of the PUC and undermine its regulating policy, as every decision could subject a public utility to the potential of a civil damage suit regardless of PUC approval.

## A.

◼ Plaintiffs contend that the trial court failed to recognize that regulatory approval is not dispositive of the questions whether there has been a taking of private property and whether the actions of PSCo constitute a nuisance or a trespass. We agree.

We initially conclude that *San Diego Gas & Electric Co. v. Superior Court*, 13 Cal.4th 893, 55 Cal.Rptr.2d 724, 920 P.2d 669 (1996), upon which PSCo relies, is not dispositive. That case, as the trial court recognized, was based on a California statute that bars actions that would hinder or frustrate a general regulatory policy of the commission. Also, unlike here, that case did not address the issue of unreasonable noise.

◼ Further, in Colorado, PUC proceedings are not an adjudication of property rights. *See Mountain View Electric Ass'n v. Public Utilities Commission*, 686 P.2d 1336 (Colo.1984)(exercise of the police power is independent of an adjudication of property rights, an authority not given to the PUC).

Here, by deciding that plaintiffs' claims were precluded by the PUC's decision to approve the Daniels Park Line, the trial court effectively determined that the PUC decision was an adjudication of plaintiffs' property rights. *See City of Craig v. Public Utilities Commission*, 656 P.2d 1313 (Colo.1983)(although commission proceedings to determine advisability of closing railroad crossing for safety reasons are a condition precedent to an adjudication of property rights, if a closure is determined proper by commission, property rights are issues to be determined at another time and in another forum).

Thus, we conclude that the trial court erred in deciding that plaintiffs' claims were precluded by the PUC's approval of the upgrade to the Daniels Park Line.

## B.

Plaintiffs also contend that the trial court erred in determining that they seek to relitigate a decision of the PUC. However, in light of our disposition above, it is unnecessary for us to address this contention.

## II.

Plaintiffs further contend that the trial court's order only addressed their negligence claim and failed to address their inverse condemnation, nuisance, and trespass claims. As a preliminary matter, we note that plaintiffs do not specifically contend that the trial court erred in dismissing their negligence claim or otherwise address how the court erred in doing so. Thus, dismissal of the negligence claim should be affirmed.

## A.

As to inverse condemnation, plaintiffs assert that PSCo knew that the upgraded Daniels Park Line would produce an unreasonable amount of noise in violation of Colorado's noise abatement statute and knew the amount of electromagnetic radiation associated with the 230kV transmission line. Thus, they contend that PSCo failed to commence a condemnation action to compensate them properly and fairly for their damages. We conclude that plaintiffs have averred material facts sufficient to withstand a C.R.C.P. 12(b)(5) motion.

In pertinent part, Colo. Const. art. II, § 15 provides that private property shall not be "taken or damaged" for public or private use, without just compensation.

◼ In order to pursue an inverse condemnation claim under the Colorado constitution, a plaintiff must establish: 1) that there has been a taking or damaging of a property interest; 2) for a public purpose without just compensation; 3) by a governmental or public entity that has the power of eminent domain but which has refused to exercise it. *Thompson v. City & County of Denver*, 958 P.2d 525 (Colo.App.1998).

◼ As a general rule, a taking of property occurs when the entity clothed with the power of eminent domain substantially deprives a property owner of the use and enjoyment of that property. A taking can be effected by a legal interference with the physical use, possession, disposition, or enjoyment of the property, or by acts which translate to an exercise of dominion and con-

trol by a governmental entity. A taking also occurs if an owner is required to forego the economically beneficial use of his or her property. *City of Northglenn v. Grynberg*, 846 P.2d 175 (Colo.1993); *Clare v. Florissant Water & Sanitation District*, 879 P.2d 471 (Colo.App.1994).

■ The intent of including the word "damaged" in the constitution was to grant relief to property owners who have been substantially damaged by the creation of public improvements abutting their lands, but whose land has not been physically taken by the government. *City of Northglenn v. Grynberg, supra; Thompson v. City & County of Denver, supra.*

■ To recover in a "damaging" case, the owner must show a unique or special injury that is different in kind from, or not common to, the general public. The damage must be to the property or its appurtenances, or it must affect some right or interest that the owner enjoys in connection with the property and which is not shared with or enjoyed by the public generally. In no case has mere depreciation in value been grounds to award compensation for a damaging of property. *Thompson v. City & County of Denver, supra.*

■ Here, in addition to allegations regarding noise, radiation, and electromagnetic field, plaintiffs allege that as a result of PSCo's upgrading of the Daniels Park Line, plaintiffs have incurred economic damages for diminution of their property values and other damages relating to the impairment of the use of their property.

While plaintiffs must adduce sufficient evidence to sustain their claims, their allegations are sufficient under notice pleading to withstand a motion to dismiss under C.R.C.P. 12(b)(5). *See Dorman v. Petrol Aspen, Inc., supra; Linnebur v. Public Service Co.*, 716 P.2d 1120 (Colo.1986).

Consequently, plaintiffs' claim for inverse condemnation was improperly dismissed.

**B.**

Plaintiffs also contend that the trial court erred in dismissing their claims for nuisance and trespass because the noise and electromagnetic radiation emanating from the power line unreasonably interfere with their quiet use and enjoyment of their property. We agree.

**1.**

■ Damages available on trespass and nuisance claims can include not only diminution of market value or costs of restoration and loss of use of the property, but also discomfort and annoyance to the property owner as the occupant. *Webster v. Boone*, 992 P.2d 1183 (Colo.App.1999).

■ Generally, the annoyance and discomfort for which damages may be recovered on nuisance and trespass claims refer to distress arising out of physical discomfort, irritation, or inconvenience caused by odors, pests, noise, and the like. *See Krebs v. Hermann*, 90 Colo. 61, 6 P.2d 907 (1931)(plaintiff entitled to injunction on nuisance claim against kennel where offensive odors and barking dogs deprived him and his family of sleep); *Webster v. Boone, supra; Staley v. Sagel*, 841 P.2d 379 (Colo.App.1992)(affirming damages on nuisance claim based on effects of dust, smell, and waste disposal from neighboring hog farm.)

■ In support of their trespass claim, plaintiffs allege the conduct of PSCo in upgrading the power line and increasing the voltage has caused noise, radiation, and electromagnetic particles to enter upon and above the surface of the real estate of the property owners without the permission of the property owners.

Without citing any authority, PSCo contends that intangible intrusions such as noise do not constitute trespass and that, because plaintiffs do not allege the type of physical invasion that is required to sustain a claim for trespass, their claim was properly dismissed. In light of the case law above, however, we reject PSCo's contention.

**2.**

We also reject PSCo's contention that plaintiffs have failed to state a claim for

nuisance because its conduct is not intentional or unreasonable.

A private nuisance is a non-trespassory invasion of another's interest in the private use and enjoyment of his or her land. To demonstrate its existence, a plaintiff must show that the defendant unreasonably and substantially interfered with the use and enjoyment of plaintiff's property. Further, liability for nuisance may rest upon either intentional or negligent invasion of a person's property interest or upon conduct that is so dangerous to life or property and so abnormal or out of place in its surroundings as to fall within the scope of strict liability. *Lowder v. Tina Marie Homes, Inc.*, 43 Colo.App. 225, 601 P.2d 657 (1979).

Liability predicated on intentional conduct assumes a knowing affirmative act on the part of the defendant. Knowledge, actual or constructive, is an essential ingredient of liability based upon the negligent maintenance of a nuisance. *Baughman v. Cosler*, 169 Colo. 534, 459 P.2d 294 (1969).

PSCo claims that it did not act to cause noise or know that any increased noise level was substantially certain to result, and it argues, therefore, that plaintiffs' nuisance claim must fail. However, to establish liability under a nuisance theory plaintiff must only demonstrate that defendant possessed knowledge of the affirmative act which, here, is increasing the voltage in the line. *See Lowder v. Tina Marie Homes, Inc., supra.*

In their claim for relief based on nuisance, plaintiffs have alleged that PSCo's actions in transmitting 230kV of electrical power throughout the power line and the resulting noise, radiation, and electromagnetic field constitute an intentional invasion of their rights as property owners and unreasonably interfere with their right to use and enjoy their property.

Consequently, because we must accept these statements as true, we conclude that the trial court erred in dismissing plaintiffs' claims for trespass and nuisance.

Accordingly, the judgment dismissing plaintiffs' claims for inverse condemnation, trespass, and nuisance is reversed, and the cause is remanded for further proceedings consistent with this opinion. Inasmuch as the dismissal of plaintiffs' negligence claim is not appealed, that portion of the judgment is affirmed.

Judge CASEBOLT and Judge TURSI * concur.